UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CHARLES COX, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 5:11-cv-03743-KOB-HGD |
| ) | |
| SHERIFF CHRIS CURRY, et al., ) | |
| ) | |
| Defendants ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Charles Cox, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at the Shelby County Jail in Columbiana, Alabama. Plaintiff names as defendants Shelby County Sheriff Chris Curry, Captain Stan Chapman and the medical staff. The plaintiff seeks declaratory and injunctive relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## DISCUSSION

The plaintiff filed a complaint with this court in which he stated no facts about his claim.  The only portion of the § 1983 complaint form he completed was a request for the court to, "let me be the last person something like this happend [sic] to." (Doc.1, p. 5)  The court explained to the plaintiff that he had failed to set forth his claim adequately and directed him to amend his complaint in the following manner:

> In the amended complaint, the plaintiff should name as defendants only those persons who violated his constitutional rights.  The plaintiff must

> identify those persons as defendants both in the heading and in Part III of the complaint. The plaintiff should also state clearly how each named defendant violated his constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred. THE PLAINTIFF MUST CLEARLY SET FORTH THE **FACTS** CONCERNING ANY INCIDENT ABOUT WHICH HE COMPLAINS. The plaintiff is ADVISED that conclusory and general assertions are not sufficient to state a claim upon which relief under § 1983 can be granted. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). The amended complaint must include all of plaintiff's claims in this action; IT SHOULD NOT REFER BACK TO THE ORIGINAL COMPLAINT. The plaintiff is ADVISED that the Court will consider **only** the claims set forth in the amended complaint.

Doc. 10.

On April 13, 2012, the plaintiff submitted an amended complaint in which he states only the following:

> The Date was August 11, 2011 I was put in the Shebly [sic] Co. medical holding cell and left their [sic] after they got my medical record showing I just left the hospital for treatment on Aug 8, 2011 for a dislocated shoulder injure [sic] and they wouldn't give me no pain medication.

Doc.13, p.3.

The plaintiff provides no other details about his medical condition or the treatment he received in the Shelby County Jail. The plaintiff does not allege that he submitted a medical request form or otherwise followed the procedure for obtaining medical care in the Shelby County Jail. The plaintiff does not allege that he asked anyone for pain medication and, if he did, when he requested medication, to whom he made the request, and what response he received.

Although courts are required to construe *pro se* complaints liberally, the complaint must nevertheless allege facts from which the inference of a constitutional violation is "plausible," not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974); *see also Edwards v. Prime, Inc*., 602 F.3d 1276 (11th Cir. 2010).

The Supreme Court in *Iqbal* cited its own language in *Twombly* and said, "the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557, 127 S.Ct. 1955.  The plaintiff's "naked assertion" that the defendants would not give him any pain medication is the very sort of unadorned accusation that the Supreme Court describes as insufficient.  The plaintiff's bare allegation that he was denied pain

Although courts are required to construe *pro se* complaints liberally, the complaint must nevertheless allege facts from which the inference of a constitutional violation is "plausible," not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974); *see also Edwards v. Prime, Inc*., 602 F.3d 1276 (11th Cir. 2010).

The Supreme Court in *Iqbal* cited its own language in *Twombly* and said, "the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557, 127 S.Ct. 1955.  The plaintiff's "naked assertion" that the defendants would not give him any pain medication is the very sort of unadorned accusation that the Supreme Court describes as insufficient.  The plaintiff's bare allegation that he was denied pain

medication while in the Shelby County Jail is due to be dismissed for failing to state a claim for which relief can be granted.

Additionally, the plaintiff's only request for relief is for no one else to have to suffer the inhumane treatment he did in the Shelby County Jail. While it is not entirely clear what action the plaintiff is asking the court to take, it can only be assumed that he is asking for the court to order some sort of change at the Shelby County Jail and enjoin them from whatever actions they took when the plaintiff was housed there. The plaintiff is now incarcerated in the Federal Correctional Institute in Oakdale, California. Because the plaintiff is no longer housed in the Shelby County Jail his requests for declaratory and injunctive relief have been rendered moot. "Past exposure" to alleged illegal conduct "does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985), *citing Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984). The plaintiff only seeks action from this court so that no one else will experience what he did, but this lawsuit has not been certified as a class action so even though there are other prisoners still in the Shelby County Jail, the request for injunctive relief is not saved. *Id.*

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).

The plaintiff may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. IT IS NOT NECESSARY FOR PLAINTIFF TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE. Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DONE this 20th day of July, 2012.

HARWELL G. DAVIS, III<br>
UNITED STATES MAGISTRATE JUDGE